## D. D. CARDER, v. C. M. BAXTER, WALTER B. MINTURN, AND WILLIAM BEGGS.

EVIDENCE IN EJECTMENT.—If the plaintiff in ejectment introduces in evidence, to prove his title, a patent issued by the State for the demanded premises as swamp and overflowed land, the defendant is not entitled to prove that the land is dry and fit for cultivation without first showing that he is in possession under some right or title derived from the State or the United States.

ABANDONMENT OF MOTION FOR NEW TRIAL.—If the statement on motion for a new trial sets forth the grounds of the motion, and the motion is made and submitted, a refusal to argue the motion by the moving party is not an abandonment of the same.

APPEAL from the District Court, Seventh Judicial District, Sonoma County.

The cause was tried by the Court without a jury, June 23d, 1864, and on the same day the Court filed its findings and decision.　June 29th, 1864, plaintiff's attorney served on defendants' attorney notice of motion for a new trial and a statement.　Afterwards, plaintiff's attorney gave defendants' attorney notice that on the 13th day of August, 1865, at one o'clock P. M., he would apply to the Judge at his chambers, in Petaluma, to settle the statement on motion for new trial, and would also bring on for hearing the motion for a new trial. On said 13th day of August the parties appeared by their attorneys before the Judge, and the statement was duly settled.　Immediately thereafter the motion for new trial came on to be heard, and plaintiff's counsel refused to argue the motion.　The Judge then denied a new trial.

The other facts are stated in the opinion of the Court.

*Temple & Thomas,* for Appellant.

*William D. Bliss,* for Respondents.

By the Court, SHAFTER, J.

Ejectment for about three acres of land situate in the City of Petaluma.　The answers contain a general denial and set up the Statute of Limitations.　The trial was by the Court—finding and judgment for the defendants.　The plaintiff moved for a new trial—the motion was denied and the appeal is from the order of denial and from the judgment.

The plaintiff, to prove his title to the premises in controversy, gave in evidence a patent thereof issued by the State to N. L. Thompson, dated September 6th, 1860, granting the lands as swamp and overflowed.　The evidence which the defendants were permitted to introduce to the effect that the larger part of the lands were dry and fit for cultivation, was improperly admitted, inasmuch as the defendants neither brought nor offered to bring themselves into relations either with the State or the United States.

The point is so well settled as to require no discussion.

(*Doll* v. *Meador*, 16 Cal. 295 ; *Terry* v. *Megerle*, 24 Cal. 610 ; *People* v. *Stratton*, 25 Cal. 242 ; *Page* v. *Hobbs et al.*, 27 Cal. 483.)

But it is insisted for the respondents that the plaintiff abandoned his motion for a new trial by refusing to argue it in the Court below. This point is not well taken. The statement sets forth specifically the grounds of the motion—the motion was duly made and submitted—and this includes everything essential to a prosecution of the proceeding.

The objection urged by the respondents, that the lands covered by the patent are within the incorporated City of Petaluma, is of no avail, for the reason that the fact is not apparent on the face of the patent, nor are the respondents in a position to bring it forward by averment.

As to the defense of the Statute of Limitations, there was no evidence in the case tending to sustain it.

Judgment reversed and new trial ordered.