## GEORGE HAGAR *v.* J. B. LUCAS *et als.*

PATENT FOR MEXICAN GRANT OF LAND.—A patent issued by the United States for land granted in California by Mexico or Spain, is not void because the grantee of Mexico or Spain had received grants for more than eleven square leagues before the grant on which the patent issued.

ATTACK ON PATENT IN COLLATERAL ACTION.—Parties who do not set up title in themselves, derived from the United States, cannot, in a collateral action brought

by the patentee, attack a patent for land issued by the United States in confirma-
tion of a Mexican grant, on the ground that the grantee of Mexico had received
grants of more than eleven leagues before the grant on which the patent was
issued.

STATEMENT ON APPEAL.—If there is nothing in the statement showing that it is
a statement on motion for a new trial, and the statement declares that the motion
for a new trial was overruled, it will be regarded as a statement on appeal.

APPEAL from the District Court, Sixth Judicial District, Yolo County.

The defendants, in their answer, denied plaintiff's title, but set up no title in themselves, nor did they offer any evidence of title in themselves. Plaintiff recovered judgement, and defendants appealed.

The other facts are stated in the opinion of the Court.

*C. D. Semple*, and *H. G. Burnett*, for Appellants.

The grant and patent under which plaintiff claims is void, having been issued against the prohibition of statute, and also the officer granting had no power. (See Colonization Laws of Mexico, 12th Sec.; *United States* v. *Hartnel's Executors*, 22 How. 286; 1 Black. 132; *United States* v. *P. B. Reading*, 18 How. 1.)

*George Cadwalader*, for Respondent, *contra* cited *Semple* v. *Hagar*, 27 Cal. 163.

By the Court, RHODES, J.

This is an action of ejectment, brought to recover possession of a portion of the Jimeno Rancho. The respondent moves that the statement on the motion for a new trial be stricken out and disregarded. There is nothing in the transcript that purports to be a statement on motion for a new trial, nor can the statement found in the transcript be regarded as made on motion for a new trial, for it is set forth in the statement preceding the certificate of the Judge that the motion for a new trial was overruled, whereupon the defen-

dants excepted, etc, which makes it apparent that it was intended as a statement on appeal.

When the plaintiff offered in evidence the patent from the United States for the Jimeno Rancho, the defendants objected on the ground that it was void because more than eleven leagues of land had been granted to Manuel Jimeno Casarin, the grantee of the Jimeno Rancho, by the Governors of the Californias, prior to the making of said grant. The objection was overruled by the Court. Subsequently the defendants offered to prove that prior to the date of the Jimeno grant, the Governors of the Californias had granted to Jimeno two tracts of land containing more than eleven square leagues of land, which Jimeno afterward sold to other parties, who procured patents therefor from the United States. Upon objection being made, the Court excluded the evidence. The ruling of the Court in these respects is assigned as error.

This question is identical with that presented in *Semple* v. *Hagar*, 27 Cal. 163, and must be decided adversely to the defendants upon the principles announced in that case. Besides this, there is no just ground for holding the patent to be void, because of the prior grants alleged to have been made to Jimeno. If such were the facts, the utmost that could be said is that the decree of confirmation was erroneous, and that the subsequent proceedings founded upon it, among which was the issuing of the patent, were also erroneous. It cannot be claimed that the patent is absolutely void. It requires no argument to show, that under such circumstances, it is not competent even for the United States, and certainly not to parties who do not set up title in themselves derived from the United States, to attack the patent collaterally. (*Stringer* v. *Young's Lessees*, 3 Pet. 320 ; *Boardman* v. *Reed's Lessees*, 6 Pet. 328 ; *Bagnell* v. *Broderick*, 13 Pet. 436.)

Judgment affirmed.

SAWYER, J., concurring specially.

There is nothing in the record to show that respondent ever had notice of the motion for a new trial, or that he in any way participated in those proceedings. But conceding the statement to be properly before us, it presents but one question, and that has often been decided adversely to the appellants. Respondent introduced a patent from the United States, issued in pursuance of a decree confirming a Mexican grant embracing the land in question, and deraigned title from the patentee. Appellants—who, so far as shown by the record, are naked trespassers—offered to show the matter *dehors* the patent, that the grantee in the said Mexican grant had, before the making of said grant, received grants of other lands exceeding eleven square leagues, and that said grant was therefore void. The Court properly rejected the evidence, if for no other reason, on the ground that defendants have no such status as enables them to raise the question. It was substantially so decided in *Doll* v. *Meador*, 16 Cal. 331, and the principle there stated was recognized as correct by this Court in *Terry* v. *Megerle*, 24 Cal. 629. It was also affirmed in *Carder* v. *Baxter*, 28 Cal. 99, and there is nothing to the contrary in any decision brought to our notice.

The evidence was also properly rejected upon the principles determined in *Semple* v. *Hager*, 27 Cal. 163, arising under the same patent.

I therefore concur in the affirmance of the judgment.