[No. 1127.]

THE STATE OF NEVADA, RESPONDENT, *v.* CENTRAL
PACIFIC RAILROAD COMPANY, APPELLANT.

17   259
21    17
30*  887
23*  800

MOTION FOR NEW TRIAL—FAILURE OF COUNSEL TO APPEAR, NOT AN ABANDON-
MENT.—On the twenty-ninth of April, 1882, the statement on motion for
new trial was perfected.    On May 1, at the instance of plaintiff's attorney,
the motion was taken up and overruled by the court.    Defendant's counsel
was not present:    *Held*, that the failure of defendant's counsel to appear
and present the statement to the court did not operate as an abandonment
of the motion.

IDEM—STATEMENT "USED" IN THE COURT BELOW.—*Held*, that if a statement on
motion for a new trial is prepared and settled, as required by law, and is
on file in the clerk's office when the motion is disposed of, it is *used*, within
the meaning of that word in the statute.

FACTS MUST BE EMBODIED IN STATEMENT—OPINION OF COURT.—Facts set forth
in an opinion of the district judge, filed after his decision upon a motion
for a new trial, cannot be considered by the appellate court.    To be con-
sidered on appeal, they must be embodied in a statement where the oppo-
site party has had an opportunity of amending or correcting the same.

ORDER OVERRULING MOTION FOR NEW TRIAL—NEED NOT BE EXCEPTED TO.—An
order of court overruling a motion for a new trial will be reviewed,
although no exception was taken to the ruling in the court below.

TAXES—REDUCTION OF ASSESSMENT BY BOARD OF EQUALIZATION—JURISDIC-
TIONAL FACTS MUST BE AFFIRMATIVELY SHOWN—COMPLAINT.—When a
railroad company claims that its taxes, as assessed by the county assessor,
have been reduced, it must affirmatively show the jurisdictional fact that
a complaint was made by it to the board of equalization of the assessor's
valuation of the property.

IDEM—RECORD MUST SHOW THE FACTS.—*Held*, that the records of the board

must show that the complaint was made; that the oral testimony of the members of the board was inadmissible.

IDEM—RECORDS MAY BE AMENDED.—*Held*, that the board of county commissioners had the right to amend the record of their proceedings, when sitting as a board of equalization, so as to make it conform to the truth, and that an amendment made by order of the board of county commissioners after they had ceased to sit as a board of equalization, was admissible in evidence to show the facts upon which the board of equalization acted in reducing the assessment upon defendant's property.

IDEM—STATEMENT BY RAILROAD COMPANY—MUST BE PRESENTED TO ASSESSOR.—If a written statement is not furnished by the railroad company to the assessor of all the company's property within the county, as required by law (Stat. 1875, 105), the board of equalization has no power to reduce the assessment made by the county assessor.

IDEM—WHEN STATEMENT IS SUFFICIENT—DESCRIPTION OF PROPERTY.—The statement need not contain an itemized list of the various articles of personal property, and (where the railroad company is not seeking a reduction upon the valuation of property of a general nature) it will be sufficient if it contains a list of the property of the railroad company, real and personal, pertaining to its road. The statement in this case, as to these particulars: *Held*, sufficient.

IDEM—VERIFICATION MADE OUT OF STATE.—The affidavit to the statement was made in California, using the words "this state," in such a manner that, if strictly considered, they would relate to the state of California: *Held*, upon a statement of the facts, that the intention to verify the contents of the statement relating to property in the state of Nevada was so clear as to entitle the same to be received as a proper statement of the company's property in Lander county, Nevada.

IDEM—STATEMENT GIVEN TO ASSESSOR—HOW PROVEN.—It was proven by oral testimony that the statement was delivered to the assessor: *Held*, sufficient, that the facts of its delivery to the assessor is not a proceeding of the board of equalization, and need not be shown by the records of the court.

APPEAL from the District Court of the Fifth Judicial District, Lander County.

The facts are stated in the opinion.

*T. B. McFarland,* for Appellant:

I. The records of the board does show that a complaint was made for reduction. (Facts in record stated.) The record shows clearly that the appellant was present, seeking to have the assessment reduced; that Ryan, Cadwalader and Robinson were sworn and examined on the part of appellant; that the assessor, Duncan, was examined on the other side; that a petition, signed by two hundred and twenty-nine taxpayers, was introduced, praying that the board "do not interfere with the

assessment of the Central Pacific Railroad Company;" that a sworn statement of J. F. Hallock against any reduction was also introduced; that counsel for appellant was present and objected to the introduction of said statement, and also objected to certain questions asked witnesses for appellant on cross-examination, and that the board ruled on said objections; and that, in short, there was a *regular trial* of the issue whether or not there should be a reduction. This shows that appellant was present, seeking a reduction. Nothing more is necessary to constitute a complaint. The board cannot reduce unless the party feeling aggrieved asks it to be done; but the form in which he asks it is entirely immaterial. (*State* v. *Northern Belle M. Co.*, 12 Nev. 89.)

II. The board had power to order its records to be amended so as to conform to the truth. (Dill. on Mun. Corp., sec. 234 and notes; *State* v. *Washoe Co.*, 14 Nev. 140.)

III. The court erred in refusing to allow appellant to prove by the witnesses Curtis, Hull and Blossom that a complaint was made. (Dillon on M. Cor., sec. 237 and notes; *Fall* v. *Coms. of Humboldt Co.*, 6 Nev. 103; *Whitney* v. *B. of D. of S. F. F. D.*, 14 Cal. 479.)

IV. The court erred in refusing to allow in evidence the statement made by A. N. Towne, superintendent, to the county assessor.

*M. A. Murphy*, Attorney-General, *H. T. Creswell*, District Attorney of Lander County, and *Henry Mayenbaum*, for Respondent:

I. The statement on motion for new trial should be struck out and should not be considered, because the statement was not used in the court below. (Civ. Pr. Act, secs. 197, 340; *White* v. *White*, 6 Nev. 24; *Dean* v. *Pritchard*, 9 Nev. 233; *Caldwell* v. *Greely*, 5 Nev. 262; *Bodley* v. *Ferguson*, 25 Cal. 584.) The appellants must show that the statement was used below. There is no presumption against the ruling of the court. The appellants must show error. (Wells' Ques. Law and fact, 530–8, 611; *Sherwood* v. *Sissa*, 5 Nev. 353; *Nosler* v. *Haynes*, 2 Nev. 53; *McWilliams* v. *Herschman*, 5 Nev. 264; *Mitchell* v. *Bromberger*, 2 Nev. 345; *State* v. *Stanley*,

4 Nev. 71; *White* v. *White*, 6 Nev. 24; *L. B. G. & S. M. Co.* v. *L. B. M. Co.*, 4 Nev. 414.)

2. The statement should not be considered, because no objection or exception to the overruling of the motion for new trial was made or taken. (Sec. 139, Civ. Pr. Act; *Smith* v. *Curtis*, 7 Cal. 584; *Bostwick* v. *McCorkle*, 22 Cal. 669; *Russel* v. *Dennison*, 45 Cal. 337; *Lobdell* v. *Hall*, 3 Nev. 507; *Bassett* v. *Monte Christo M. Co.*, 15 Nev. 301; *Withee* v. *Brooks*, 65 Me. 14.)

3. The statement should not be considered, because the appellants abandoned the motion for new trial below by failing to appear in the court below on said motion. (*Mahoney* v. *Wilson*, 15 Cal. 43; *Greene* v. *Doane*, 15 Cal. 303; *Payne* v. *McClain*, 7 Ind. 139; *People* v. *Center*, 9 Pacific Law J. 762; Wells' Ques. Law & Facts, 514, 517.)

II. The State having introduced in evidence the assessment roll, and explained the alterations without objection, the appellants cannot now raise any objection to the same. (Wells' Ques. Law & Facts, 704; *Frink* v. *Alsip*, 49 Cal. 103; *Reid* v. *Hawkins*, 46 Ind. 222; *Stearns* v. *Howe*, 12 Vt. 577; *Robinson* v. *I. S. M. Co.*, 5 Nev. 46; *Sharon* v. *Minnock*, 6 Nev. 377.) Grounds of objection made on motion for nonsuit are too late and not available. (*Sharon* v. *Minnock*, 6 Nev. 377.) The specification of particulars that a state and county tax was not levied, etc., is of no avail. (Sec. 1, Rev. Act; 2 Comp. L., 3235; Burr. Tax., 194, 396; 2 Abb. L. Dic., 34.) The assessment roll is conclusive evidence on this point. (Cooley's Tax., 195; 4 Nev. 338.) The alterations in the assessment roll were made without authority, and could not vitiate the original assessment. (2 Phill. Ev. n; *People* v. *Supervisors*, 44 Cal. 614; *People* v. *Ashbury*, 44 Cal, 619; *State* v. *Manhattan*, 4 Nev. 318; *State* v. *C. P. R. R. Co.*, 10 Nev. 87; Burr. Tax. 237, 238.) Nor was it necessary for the district attorney to introduce the delinquent list in evidence. (*State* v. *Western Union*, 4 Nev. 338; *State* v. *C. P. R. R. Co.*, 10 Nev. 48; *State* v. *Northern Belle*, 15 Nev. 385.) The order of the board reducing the tax was void, because there was no complaint made in regard to the assessed value of the property of the appellants. (*People* v. *Rey-*

*nolds,* 28 Cal. 108; *People* v. *Flint,* 39 Cal. 670; *People* v. *Goldtree,* 44 Cal. 324; *Swift* v. *Ormsby Co.,* 6 Nev. 98; *State* v. *Northern Belle,* 12 Nev. 92.)   No presumption can be indulged in in favor of the jurisdiction of the board of equalization.   (*Johnson* v. *Eureka Co.,* 12 Nev. 30; *Trustees* v. *Ormsby Co.,* 1 Nev. 334; *Sherwood* v. *Sissa,* 5 Nev. 349; *Caples* v. *C. P. R. R. Co.,* 6 Nev. 265; *Terry* v. *Berry,* 13 Nev. 514; *Greeley* v. *Holland,* 14 Nev. 320; *Richardson* v. *Dennison,* 1 Aiken, Vt. 210; *Lonkey* v. *Wells,* 16 Nev. 271; *Page* v. *O'Brien,* 36 Cal. 561; *Kelley* v. *Union Co.,* 23 Ark. 331; Wells' Ques. Law & Facts, 612; *Bender* v. *State,* 26 Ind. 286; *Chappel* v. *Washburn,* 11 Ind. 395; *Buckmaster* v. *Cool,* 12 Ill. 76.)

III. The board of county commissioners had no right to amend the record of the board of equalization.   The proceedings of the board of equalization are judicial.   (*El Dorado* v. *Elstner,* 18 Cal. 148; *People* v. *Goldtree,* 44 Cal. 323; *State* v. *Conner,* 5 Blackf. 325; Burr. Tax. 238; Cooley's Tax. 291.)   And the board cannot amend its proceedings or record after the term has expired any more than any other tribunal.   (Burr. Tax., 319, 220; Black. Tax. Titles, 423–428; *Lobdell* v. *Hall,* 3 Nev. 525; *Clark* v. *Strouse,* 11 Nev. 79.)   The reduction by the board of equalization was without jurisdiction, and the appellants must therefore pay the original assessment.   (Burr. Tax., 238; *State* v. *C. P. R. R. Co.,* 9 Nev. 79.)

IV. The court did not err in refusing to receive the testimony of Curtis, Hull and Blossom, or in rejecting the pretended tax statement.

1. Testimony that a complaint was in fact made was not admissible, because a complaint, written or verbal, was necessary to give the board jurisdiction; and every jurisdictional fact must appear on the record of the board, and there was no record shown or offered to be shown that such complaint was made.   (2 Phil. Ev. 105 n, 292, 293; 1 Greenl. Ev., sec. 86; Abb. Tr. Ev. 52; Black. Tax Titles, 52, 219; Burr. Tax., 236, 237; Cooley's Tax., 332; *Taylor* v. *Henry,* 2 Pick. 402; *Lowell* v. *Wheelock,* 11 Cush. 393; *Harris* v. *Whitcomb,* 4 Gray 435; *Phelan* v. *San Francisco,* 6 Cal. 540; *Finch* v.

*Tehama,* 29 Cal. 455; *Dorland* v. *McGlynn,* 47 Cal. 50; *Swift* v. *Ormsby Co.,* 6 Nev. 97; *State* v. *Washoe Co.,* 5 Nev. 317; *State* v. *Washoe Co.,* 7 Nev. 83, 90; *State* v. *C. P. R. R. Co.,* 9 Nev. 79; *Johnson* v. *Eureka Co.,* 12 Nev. 30; *People* v. *Zeyst,* 23 N. Y. 142; *Commissioners* v. *Chitwood,* 8 Ind. 504; *La Grange Co.* v. *Cutler,* 7 Ind. 6.)

2. Where the law provides that the proceeding of any public body shall be entered of record, nothing can be proved *dehors* the record, and no presumptions can supply the want of record. (1 Greenl. Ev., sec. 86; 1 Dill. Mun. Corp., sec. 236; *Comm.* v. *Chittwood,* 8 Ind. 504; *Trustees* v. *Osborne,* 9 Ind. 458; *Jordan* v. *School District,* 38 Me. 164; *Taylor* v. *Henry,* 2 Pick. 397; *State* v. *Washoe Co.,* 5 Nev. 322; Cooley's Tax. 261; *State* v. *Bell,* 62 N. C. 76; *Winnisimmet Co.* v. *Chelsea,* 6 Cush. 477; *Donovan* v. *Ins. Co.,* 30 Md. 155; *State* v. *Welch,* 28 Mo. 600; *State* v. *Leavell,* 3 Blackf. 117; *State* v. *Hamilton,* 5 Ind. 310; *Louisville R. R. Co.* v. *State,* 25 Ind. 177; *Porter* v. *Comm.,* 5 Gray 365; *Otis Co.* v. *Ware,* 8 Gray 509; *Shaw* v. *B. & W. R. R. Co.,* 8 Gray 55, 63; *State* v. *Apgar,* 31 N. J. 358; *Charlestown* v. *Comm.,* 101 Mass. 87; *Lee* v. *Commonwealth,* 6 Dana 311; *Olds* v. *Commonwealth,* 3 A. K. Mar. 465; *State* v. *Parker,* 33 N. J. 192; *State* v. *Bishop,* 34 N. J. 45; *State* v. *Parker,* 34 N. J. 49; *State* v. *McChesney,* 34 N. J. 63; *State* v. *Washoe Co.,* 5 Nev. 317; *State* v. *Washoe Co.,* 7 Nev. 84.)

V. The tax statement is a jurisdictional fact, to be proved to the board before the board can act to equalize; and the burden of proof that no demand was made for the statement by the assessor is on the taxpayers. (*State* v. *Washoe Co.,* 5 Nev. 317; *State* v. *Washoe Co.,* 7 Nev. 84; *Winnisimmet Co.* v. *Chelsea,* 6 Cush. 477.)

V. But even if the tax statement had been before the board, it is in itself insufficient, and does not comply with the requirements of the statutes. The statement does not contain a list of the personal property pertaining to the road, but all the personal property is lumped at one thousand four hundred and fifty dollars. The assessor could not, from the description of the personal property contained in the said statement, make an assessment. The tax statement does not contain a

statement under oath or affirmation of all real or personal property within the county, owned, claimed by, or deposited with, or in the possession or control of, this corporation. Nor was it shown or attempted to be shown that any one furnished to the assessor a full and complete description of all money, jewelry, bonds or other personal property which may be on special deposit with such corporation.

VII. The statement was not made under oath, as required by law. (Stat. 1875, 105.) The oath of Towne does not comply with the statute. It refers to property in California. No perjury could be charged on this affidavit.

VIII. The board, in the matter of equalization, acts, as we have seen, in a judicial capacity, and the record of the board cannot be attacked collaterally, any more than the record of any other court. (Burr. Tax.; 319; Cooley's Tax., 195; Black. Tax Title, 52, 428; *Pitkin* v. *Yaw*, 13 Ill. 251; *El Dorado Co.* v. *Elstner*, 18 Cal. 148; 6 Pick. 15; *State* v. *Northern Belle*, 15 Nev. 387.) The only remedy against a false or defective record is by mandamus or other direct proceeding against the board or the clerk, the recording officer or the keeper of the record. (*Manning* v. *Fifth Parish*, 6 Pick. 15; *El Dorado* v. *Elstner*, 18 Cal. 148; *People* v. *Zeyst*, 23 N. Y. 148; *Secombe* v. *Railroad Company*, 23 Wall. 119; *Pitkin* v. *Yaw*, 13 Ill. 251.)

By the Court, BELKNAP, J.:

This action is brought to recover judgment against the defendant corporation for taxes assessed against it in Lander county, for the year 1881, amounting to the sum of twenty-nine thousand seven hundred and sixty-nine dollars and eighteen cents.

The defense is based upon an alleged reduction of the assessment of defendant's property by the board of equalization, whereby the total amount due was reduced to the sum of fifteen thousand two hundred and sixty dollars and three cents.

Evidence offered in support of this defense was excluded by the court, and judgment rendered in favor of the state for the full amount demanded, including penalties and costs, aggre-

gating the sum of forty-three thousand three hundred and ninety-one dollars and fifty-four cents.

From the judgment and an order overruling a motion for a new trial defendant appeals.

Before examining the assignment of errors contained in the statement, certain preliminary objections to the consideration of the record are made by the respondent, and these will be disposed of first.

These objections are founded upon the failure of defendant to appear at the hearing of the motion for a new trial, and its failure to except to the order of the court denying the motion. It is contended that such failure to appear operated as an abandonment of the motion.

The case was tried on the sixth day of March, 1882. The statement on motion for new trial was filed on the sixth day of April following, and upon the twenty-ninth day of the same month the clerk of the court appended his certificate to the effect that no amendments had been filed. Thereafter, and on the first day of May succeeding, the motion for new trial was, at the instance of the attorney for the State, taken up and overruled by the court.

These facts, of themselves, certainly show no intention on the part of the appellant to abandon its motion. But, from the fact that the motion was based upon errors in law and insufficiency of evidence, and that defendant made and filed its statement without delay, it would seem that defendant desired a *pro forma* ruling of the district court upon the questions which arose upon the trial, in order to perfect a record by which those questions could be reviewed by this court. It is a matter of frequent occurrence in the practice before the district courts of this state to formally submit, without argument, motions for new trial, based upon questions of law which have been discussed upon the trial. It is, of course, unnecessary to reargue matters upon which the court is fully advised, and upon which its mind is concluded. It is, however, urged that the supreme court of the state of California has decided this question in accordance with the contention of respondent, and *Mahoney* v. *Wilson*, 15 Cal. 42, and *Frank* v. *Doane* and *Green* v. *Doane*, 15 Cal. 302 and 303, respectively, are cited to this effect.

These cases were decided under a statute of that state, adopted in the year 1851, which did not require a particular specification of errors.  Subsequently, and at the session of the legislature of 1863, the state of California adopted the practice act of which ours is substantially a copy.  Under the amended act, which requires—as ours does—the moving party to specify the particular errors upon which he relies for a new trial, it was held in *Carder* v. *Baxter*, 28 Cal. 99, that a refusal to argue the motion by the moving party was not an abandonment of it.  The decision was placed upon the ground that the statement set forth specifically the grounds of the motion. Such a designation of alleged errors is sufficient to relieve the motion from the charge of abandonment.  The only difference between that case and this one, upon this point, is that there the motion was called up by the moving party, while here it was taken up at the request of the party opposing the motion. But this difference is immaterial, as such motions may be called up by either party.

The section of our practice act touching new trials was borrowed by this state from the state of California.  Before its adoption by our state, the statute was construed in the above mentioned case.  In such cases the construction is deemed adopted with the statute.

The case of *People* v. *Center et al.*, recently decided by the supreme court of California (9 Pacific Coast Law Journal), is also cited by respondent upon this ground.  In that case the moving party neglected for the space of nine months after the settlement of the statement on motion for new trial to have it engrossed and filed, and the court held that the motion was properly dismissed for want of prosecution.

It is also claimed that the statement on motion for new trial should be disregarded because it was not used in the court below.  The civil practice act, at section 197, provides the manner in which the statement shall be prepared and authenticated, and thereafter declares that " the statement thus used * * * shall constitute * * * the papers to be used on appeal."  Stress is laid upon the words " thus used " as contemplating a presentation in some way of the statement to the attention of the court.  But the statute does not necessarily

contemplate such action. When it speaks of the statement being used, it means employed as the record of the proceedings upon which the motion is grounded; and whenever a statement is prepared and settled it is "used" within the meaning of that word in the statute.

Whilst these questions have been considered upon their merits, appellant has objected to their consideration for the reason that the facts upon which they are founded do not properly appear of record. They are brought to our knowledge by the opinion of the district judge, filed after the decision of the motion for a new trial and during the term of court at which the decision was made.

It is apparent, from an examination of the various provisions of our practice act relating to the making of records upon which rulings of the district courts may be reviewed, that both parties to the litigation may participate in the making of the record. If this theory of the law is to be observed, we ought not to receive as a fact any statement which the opposite party has not had any opportunity of amending or correcting. The requirement that a written opinion shall be filed by the court in granting or refusing a new trial is as follows: * * * " The court or judge granting or refusing a new trial should state in writing generally the grounds upon which the same is granted or refused." (Sec. 1259, Comp. L.)

This provision has always been held to be directory, and separate and distinct from the "findings of fact" provided by the statute. It was suggested in *Corbett* v. *Job*, 5 Nev. 205, that it was intended to embrace the reasoning or argument for the decision of the motion, and this, we are convinced, is its only office. The requirement being directory., the district court may or may not put the grounds of his decision in writing. Certainly the legislature never intended that facts not appearing in the statement on motion for new trial depended for the presence in the record upon the pleasure of the judge before whom the cause was tried. Our statute secures this right to every litigant who pursues its plain provisions.

In passing upon the question of a new trial we are confined to the statutory statement, and if either party is entitled to

present any matter arising subsequent to the judgment, and which cannot properly be presented by the statement on motion for new trial, it must be done by statement on appeal.

In *Caldwell* v. *Greeley*, 5 Nev. 262, the appellant sought to review the action of the district court in refusing to allow an amendment to the specification of errors contained in the statement, and for this purpose presented the minutes of the court made after the submission of the motion. The court held that the question could be presented only by statement on appeal.

The remaining objection to the consideration of the record is that the appellant failed to except to the order of the court overruling its motion for a new trial.

The purpose of an exception was considered by the supreme court of California, in *Smith* v. *Lawrence*, 38 Cal. 27. In that case the appellant took no exception to an order sustaining a demurrer, and refusing to amend, judgment was entered against him.

The court said: "The office of an exception, reserved in the manner provided by the statute, is to cause the question of law, which was presented to and decided by the court, to be made a matter of record, so that it may be re-examined by the court on motion for a new trial, or be reviewed by the appellate court. The action of the court upon a demurrer usually is, and, in all cases, should be, entered of record; and the making of the same thing a matter of record a second time, by reserving an exception, would subserve no useful purpose. There is no more room to indulge the presumption of an acquiescence in the decision, because no exception was taken, than there would be that the losing party acquiesced in a judgment, because he took no exception to the order for judgment. * * * An exception is not necessary unless a bill of exceptions or a statement, under our system of practice, is requisite, in order to present for review the question of law upon which the decision passed, which the party insists is erroneous, and neither a bill of exceptions nor a statement is required when the record already presents the question of law and the decision of the court."

These views are as applicable to the matter in hand as they were to the questions before the California court.

The statement on motion for new trial and the order of the court thereon present the matters for review, and under these circumstances no exception was necessary. Moreover, an order overruling a motion for new trial is a matter occurring after the rendition of final judgment, and for this reason it does not appear to be the subject of an exception within the definition of that term as contained in the practice act. The definition is as follows: "An exception is an objection taken at the trial to a decision upon a matter of law, whether such trial be by jury, court or referees, and whether the decision be made during the formation of a jury, or in the admission of evidence, or in the charge to a jury, or at any other time from the calling of the action for trial to the rendering of the verdict or decision." * * *

At the trial of the cause it appeared that the minutes of the board of county commissioners, sitting as a board of equalization, failed to show that any complaint had been made by the defendant of the assessor's valuation of its property. This being a jurisdictional fact, it devolved upon defendant, contending that the assessment had been reduced, to show that such complaint had been made. For the purpose of proving this fact defendant offered the commissioners themselves as witnesses. The court properly excluded their testimony.

The statute requires that a full and complete record of all the proceedings of the board of county commissioners shall be kept, and that all their proceedings shall be entered in the records. (Sec. 3074, Comp. Laws.) Where such a requirement exists the record is the proper evidence of the official doings of the board. (*City of Lowell* v. *Wheelock*, 11 Cush. 391; *Harris* v. *Whitcomb*, 4 Gray 433; *Morrison* v. *Lawrence*, 98 Mass. 219; *Louisville* v. *McKegney*, 7 Bush, Ky. 651.)

Appellant also sought to establish the same fact by a record of the board of equalization, amended by the board of county commissioners, wherein it is recited that the omission in the original record to state the fact that a complaint had been made regarding the valuation of defendant's property was an inadvertence, and that in truth such complaint had been made. Thereupon, and on the thirtieth day of November, 1881, the

record was amended so as to conform to the truth. The board of county commissioners constitute a board of equalization. While acting in the latter capacity they are spoken of in the statute (sec. 3139) and in the decisions as the board of county commissioners meeting or sitting as a board of equalization. In acting as a board of equalization they do so as the board of county commissioners, and all of their proceedings as a board of equalization are inseparable from their action as the board of county commissioners.

So that, the proceedings of the board of equalization, are, in fact, the proceedings of the board of county commissioners. And when the commissioners amended the record in this case they simply amended the record of their own proceedings as county commissioners, sitting as a board of equalization. This they had the undoubted right to do. (Dillon on Mun. Cor., 3d Ed., secs. 294–6, and cases there cited.)

The next question arises upon the ruling of the court in refusing to admit in evidence the written statement of the general superintendent of defendant pertaining to its property. This document was first proven to have been delivered to the assessor at the proper time.

It is made the duty of railroad companies to furnish the assessor, for the purpose of enabling him to make his assessment, a written statement "setting forth the length of said road in such county and the value thereof, with a list of the property, real and personal (except rolling stock), pertaining thereto; also, the whole length of said road within the state, and the number and value of all locomotives and cars, commonly known as rolling stock, used on said road within this state, and an apportionment of the value of such rolling stock to such county" * * * (Stat. 1875, p. 105.) No power exists in the board of equalization to reduce an assessment when the corporation complaining has refused to furnish such statement. (Sec. 3139, Comp. Laws.)

The introduction of the statement in evidence was objected to upon the ground that it did not in form and substance comply with the requirements of the statute, and because the fact that such statement was made should be shown by the records of the board of equalization.

This paper is entitled as follows: "Statement of A. N. Towne, general superintendent of the Central Pacific Railroad Company, showing the amount, character and valuation of all property belonging to, or in custody, or under the control of said railroad company, and subject to taxation within the county of Lander, in the state of Nevada."

It states the whole length of said railroad in the state of Nevada, and in each county of the state; the number of miles of main and side track in Lander county, and its value; the number of miles of telegraph line in Lander county, and its value, and the number and value of the rolling stock used on the road, and Lander county's proportion of the value of the same. It sets forth a list of the lands of the corporation according to government subdivisions, and the value of the improvements upon its real estate, and contains a list of personal property other than rolling stock.

The first objection made to the statement is that it does not meet the requirements of the act of 1875, in that it does not set forth an itemized list of personal property, other than rolling stock. It contains this item: "Office furniture and fixtures of a movable nature." We think this is a sufficient compliance with the requirement to furnish a list of personal property. It was not intended that this list should contain a description in detail of the various articles of personal property. If an itemized list of such property were to be exacted from the taxpayer in making his statement, and from the assessor in making his assessment, the enforcement of our revenue laws would become difficult and expensive.

Again, it is urged that the statement is defective, in that it does not contain a list of all of the property of the defendant in Lander county, but only purports to contain a list of its property pertaining to its road.

Under section 6 of the revenue act (sec. 3130 Comp. Laws, Stat. 1881, p. 64), it is made the duty of all persons and corporations to furnish the assessor, on demand, with a written statement, under oath, of all his, or its, personal property or real estate within the county.

It is said that this section must be construed in connection with the statute of 1875, above referred to, and that the

statement should contain not only a list of the property, real and personal, pertaining to the road, but a list of all of the property of the party.   The statute of 1875 relates only to railroad property, and the defendant strictly complied with its requirements in so far as the contents of its statement is concerned.   If the defendant had sought a reduction upon the valuation of property of a general nature, and not appertaining to its road, the position assumed by the respondent would have defeated a reduction; but no question affecting property of that nature arises in this case.   The reduction was asked, and made, only upon the valuation of the road and road bed and rolling stock; in other words, upon the road itself and property necessarily pertaining thereto.

Objection is also made to the affidavit of the general superintendent.   The affidavit is as follows:

"STATE OF CALIFORNIA,    ) <br> CITY AND COUNTY OF SAN FRANCISCO, } ss.

"A. N. Towne, being first duly sworn, deposes and says: My name is A. N. Towne, and I am the general superintendent of the Central Pacific Railroad Company; that the length of said railroad in said Lander county is twenty-six and seventy one-hundredths (26 70-100) miles, and the value thereof is one hundred and sixty thousand two hundred dollars, and the within statement sets forth a list of the property, real and personal (except rolling stock), pertaining thereto; also, the whole length of road within this state, and the number and value of all locomotives and cars, commonly known as ' rolling stock,' and on said road within this state, and an apportionment of the value of such rolling stock to said county, estimated according to the proportion which the portion in said county bears to the whole length of said railroad within this state; and that I make such statement in pursuance of an act, approved February 27, 1875, entitled 'An act supplementary to an act entitled an act to provide revenue for the support of the government of the state of Nevada,' approved March 9, 1865, and the acts amendatory thereof, and to define the manner of assessing railroads proper in the state.'

A. N. TOWNE.

" [SEAL.] Subscribed and sworn to before me, this third day of June, A. D. 1881.

"CHARLES J. TORBERT,

" Commissioner of Deeds for the state of Nevada, residing in the city of San Francisco, state of California."

The verification, it will be observed, was made in the state of California: The words " this state," as they occur in the body of the affidavit, strictly considered, refer back and relate to the words " state of California" as their antecedent. But the affidavit is appended to the statement, which purports to contain a list of the property of the defendant in Lander county, and in the state of Nevada, and the number of miles of track in the counties of Washoe, Lyon, Churchill, Humboldt, Lander, Eureka and Elko; and the affidavit declares that it is made in pursuance of an act of the legislature of the state of Nevada. Evidently it was intended to verify the contents of the statement relating to property in the state of Nevada, and this intention is so clear that we think the instrument should be received in accordance with its manifest intent, and not defeated by a strict grammatical construction.

We are now brought to the question whether the fact that the statement was delivered to the assessor should have appeared upon the records of the board of equalization. The statute provides that the clerk of the board of county commissioners " shall keep a full and complete record of all the proceedings of the board, and all their proceedings shall be entered on the records."

The reason that the record must show that a complaint has been made concerning the valuation of property is that the making of a complaint is a proceeding before the board. But the delivery of the statement by the property owner to the assessor is not in any sense a proceeding of the board. It is a matter entirely outside of the board and between parties foreign to it. It is certain that the board is not authorized to reduce the assessment of one who has neglected to make the statement required by the statute. But suppose the fact existed, although the board were entirely ignorant of it, would not a reduction made under such circumstances be good ? We have no doubt it would.

Appellant further assigns as error the refusal of the court to grant a non-suit, and its refusal to give certain instructions.

The court was clearly right in refusing the non-suit. The instructions will not be considered, because no exception was taken to the refusal to give them.

Judgment and order overruling motion for new trial reversed and cause remanded.