CASES IN CHANCERY.

SKIDMORE *vs.* DAVIES & SHAW.

The remedy of a party aggrieved by an irregular ex parte order made by a surrogate, is to apply to the surrogate to vacate or set aside the order ; and not by an appeal to the chancellor.

Upon the removal of a guardian of an infant, by a surrogate, it is a matter of course to require him to account, and to pay over the balance, if any, which shall be found remaining in his hands upon such accounting. An ex parte order to that effect, and appointing a time for the removed guardian to attend before the surrogate and render his account, is not irregular.

Where two separate and distinct orders of a surrogate are embraced in one appeal, the appellant should either give a separate appeal bond on each ; or should give one bond, with a penalty large enough to cover the appeal from both orders, and with a condition broad enough to cover the damages and costs which may be awarded upon the affirmance of both orders.

The sureties in the appeal bond, upon an appeal from the order or decree of a surrogate, are not only liable for the costs of the appeal, but also for the damages which may be awarded to the respondent if the appellant does not prosecute his appeal to effect.

Prosecuting an appeal to effect, according to the condition of the appeal bond, means a prosecution of the appeal to a successful result ; and the condition of the appeal bond is broken if the appellant fails in his appeal.

Where two separate and distinct orders of a surrogate are embraced in one appeal, and only one appeal bond is given for both, the surrogate is not authorized to take a bond in a less penalty than two hundred dollars ; and if he does so, the appeal may be dismissed for irregularity, with costs.

August 15. THIS case came before the chancellor upon appeal from two separate and distinct orders or decisions of the surrogate of the city of New-York. The surrogate having removed the appellant Skidmore from his office and trust as guardian of the person and estate of the respondent, Mary Isabel Shaw, and directed H. E. Davies to be appointed in his place, made a further order, on the 26th of April, 1843, that Skidmore account for the moneys which had come to his hands as such guardian, or which ought to have been received by him as such guardian, and pay over to the new guardian whatever sum might be ascertained on such accounting to be in his hands ; and appointed the 2d of May then next, at the surrogate's office, as the time and place for rendering such account. The appellant after-

wards applied to the surrogate to set aside or open that order ; and on the 2d of May, 1843, that application was denied by the surrogate, with costs. Skidmore thereupon gave notice to the surrogate that he had appealed from both of those orders, to the chancellor, and executed an appeal bond in the penalty of $100 only, upon such appeal from the two separate and distinct orders.

*W. Skidmore*, appellant, in proper person.

*H. E. Davies*, for the respondents.

THE CHANCELLOR. Upon the merits I can see no reason whatever for sustaining the appeal from either of these orders. Upon removal of the guardian it was a matter of course to require him to account, and to pay over to his successor the balance, if any, which should be found remaining in his hands upon such accounting. An appeal from an initiatory order of that kind, therefore, could only have been for the purpose of delay.

The application to set aside that order was also properly denied. As the sole object of the order was to appoint a time and place for the appellant to attend and render an account of his guardianship, and to pay over the balance in his hands when it should have been ascertained, the order was merely consequential upon the order of the 21st of April. And at the time appointed for him to appear and render his account he would of course have an opportunity to be heard, and to produce witnesses in relation to such account, if the respondents were not satisfied with the account as rendered by him. If the appeal had been properly entered, therefore, both orders should be affirmed with costs.

Upon examining the return of the surrogate, however, it appears that the appeal itself is erroneous and must, for that cause, be dismissed.

If the first order had been irregular, as the appellant supposed, his remedy was not by appeal to the chancellor, but an application to the surrogate to set aside the order as

1843.

Skidmore
v.
Davies.

irregular was the proper course. (*Gibson* v. *Martin*, 8 *Paige's Rep.* 481.) And an appeal from the decision of the surrogate of the 2d of May, denying such application, was wholly inconsistent with the appeal from the order of the 26th of April. For he could not appeal from the order itself as erroneous, and also at the same time, by a separate appeal, call upon the judge, *ad quem*, to reverse the decision of the surrogate of the 2d of May and set aside the previous order, as irregularly entered.

Again ; the appeal is irregular and must be dismissed upon the ground that the statute has not been complied with, in taking security upon the appeal. Where several distinct decisions and orders have been made by the court below, in the same suit, and between the same parties, it is sometimes permitted to the party who considers himself aggrieved by such decisions to embrace them all in the same notice of appeal. But where the proceeding is in the nature of a separate and distinct appeal from each order, as in this case, the appellant must either execute a separate appeal bond upon the appeal from each order, or he must give one bond upon the appeal with a penalty sufficiently large to cover the appeals from both orders, and with a condition which is broad enough to embrace the damages and costs of both. (*Tyler* v. *Simmons*, 6 *Paige's Rep.* 127.) If the appeal bond was only intended as security for the costs of the appeal, yet the respondent's costs may be very much increased by having two or more separate and distinct orders embraced in an appeal.

But the liability of the surety on an appeal from an order or decree of the surrogate is not limited to the costs of the appeal merely. For the condition of the appeal bond is not only that the appellant will pay all costs that shall be adjudged against him by the court of chancery, but also that he will prosecute his appeal to effect. (2 *R. S.* 610, § 108.) Prosecuting an appeal to effect must mean to prosecute it successfully ; as in the case of a replevin bond conditioned to prosecute the suit in replevin to effect. (7 *Mod. Rep.* 381. *Carthew*, 248. 3 *Wend. Rep.* 54.) If

the appellant, therefore, does not succeed in his appeal, the condition of the appeal bond is broken. And in addition to the costs of the respondent, the statute authorizes this court, upon affirming the decree or order appealed from, or upon the appeal being discontinued or quashed, to award damages to him for the delay and vexation which has been caused by the appeal. (2 *R. S.* 618, § 35.) The sureties in the appeal bond, therefore, may be liable for the amount of such damages in addition to the costs of the appeal. And as the statute requires a bond with sureties in the penalty of at least one hundred dollars upon an appeal from an order or decree of a surrogate, the appellant cannot deprive the respondent of the benefit of full security, upon the appeal from each distinct order or decree of the surrogate, by including two or more of them in one appeal and giving a bond in the penalty of $100 only. In a case like the present, therefore, the surrogate was not authorized to take an appeal bond in a penalty which was less than two hundred dollars.

The appeal must therefore be dismissed, with costs.