## LOWER *v.* KNOX.

A failure of sureties upon an undertaking on appeal, to justify, when they are excepted to, leaves the appeal as though no undertaking had been filed, and ineffectual for any purpose.

Where a party gave notice of the justification of the sureties on an undertaking before the clerk of the Court below, on the second of November, between the hours of ten, A. M., and five, P. M., of that day, and the sureties appeared upon such notice soon after ten of that day :   *Held*, that the clerk acted properly in refusing to take their justification, the opposite party being absent, until the last hour stated in the notice.

Where an appeal is taken in the same notice, both from a final judgment and an order refusing a new trial, after sixty days from the entry of the order for a new trial, the appeal, so far as the order is concerned, will, on motion, be dismissed.

Where a motion for a new trial is denied, and the record brings up the statement filed on the motion, this Court can only examine upon such statement the action of the Court in denying the motion.

APPEAL from the District Court of the Fourth Judicial District, County of San Francisco.

The judgment in this case was rendered on the thirtieth of May, 1857, and the motion for a new trial was denied on the twenty-fourth of the following October.   On the twenty-fourth of this last month, October, the defendant appealed from both the judgment and order, and on the same day filed his undertaking.   To the sufficiency of the sureties on this undertaking, the plaintiff excepted.   The defendant then gave notice of his justification before the clerk of the Court below on the second of November, 1857, between the hours of ten, A. M., and five, P. M., of that day.   Soon after ten of that day, the sureties appeared before the clerk, and offered to justify, but the clerk declined, the opposite party being absent, to take their justification previous to the last hour designated in the notice.   The sureties then departed, and the undertaking was not approved.

Subsequently, on the twenty-sixth of December, 1857, the defendant filed a second notice of appeal from the same judgment and order, and gave a new undertaking, upon which the sureties justified.

Preliminary to the argument of the appeal from the judgment, the respondent moved to dismiss the first appeal for the failure of the sureties to justify on their undertaking ; and the second appeal, so far as it was from the order denying a new trial, on the ground that it was taken after the expiration of sixty days from the entry of the order.

FIELD, J., after stating the facts of the case, delivered the opinion of the Court—TERRY, C. J., concurring.

The motion to dismiss must be granted.   The failure of the sureties to justify left the first appeal, by the express terms of

the statute, as though no undertaking had been given, and ineffectual for any purpose. (Practice Act, § 348 and § 355, as amended in 1854.)

The clerk very properly refused to take the justification of the sureties before the last hour stated in the notice. The defendant should have designated an hour at which he would have been present with his sureties, and he could not, by his failure to do so, compel the attendance of the opposite party the entire day in waiting for his appearance.

The second appeal, so far as the order denying a new trial is concerned, was taken too late. The time for appeal had previously expired.

This view leaves the record with only the appeal from the final judgment, and upon this appeal there is no statement which we can regard. The statement embodied in the record was filed upon the motion for a new trial, some months after the entry of the judgment, and upon it we could only examine the action of the Court in denying the motion, and this action is not open for review, as no appeal was taken in time from the order. Our attention must, therefore, be confined to the judgment-roll, and this discloses no error.

Judgment affirmed.