# HORN *v.* VOLCANO WATER COMPANY.

To entitle a purchaser at a foreclosure sale to a writ of assistance, it is not essential
that the decree of foreclosure direct delivery of possession to the purchaser.
The decree ascertains the rights of the parties, and gives the purchaser a sum-
mary right to be put in possession, as against the mortgagor and all others
entering in subordination to his right after commencement of suit.

Where the notice of appeal recites that the appellant appeals both from an order
granting a writ of assistance and from an order refusing to set it aside, and the
undertaking on appeal stipulates to answer the consequences of the appeal
from the former order only : *Held,* that this order alone will be considered by
the Supreme Court.

*Held, further,* that the order refusing to vacate the writ not being appealed from,
the judgment of the Court thereon is still in force ; and while in force, that
the order granting the writ is not the subject of appeal.

*Held, further,* that appellant having resorted to the summary remedy by *motion* to
set aside the first order, and having tried this motion on the merits, cannot fall
back and seek to reverse this first order by a direct appeal.

APPEAL from the Sixteenth District.

Horn, plaintiff, brought suit to foreclose a mortgage executed
by defendants on their water ditch, and in due time obtained a
decree for the sale of the ditch, and the application of the proceeds
to his claim and to a mortgage of one Barney, a defendant. At
the Sheriff's sale under this decree, Horn and Barney became
the purchasers, and, after the time for redemption had expired, re-
ceived the ·Sheriff's deed. Upon affidavits by Horn and Barney,
showing the execution of the mortgage, the foreclosure proceedings,
filing notice of *lis pendens,* the decree, sale, deed and demand for
possession of the property upon one Head, who was in possession,
and his refusal, the Court granted a writ of assistance to place
Horn in possession. Head moved to vacate this writ, relying, sub-
stantially, on the following facts, to wit : After the execution of the
mortgage to Horn, but before his foreclosure suit was brought, cer-
tain judgments were obtained against the Volcano Water Company,
and, being docketed, became liens upon the property in dispute.
Through sale on execution issued on these judgments, the legal
title to the property subsequently, but before Horn's suit, passed to
Head, subject only to the mortgage of Horn. Head was not a
party to the foreclosure, nor was the title under which he claims liti-

gated therein.   He went into possession after the foreclosure suit was brought, and after notice of *lis pendens* filed.   Further facts appear in the opinion of the Court.   Head, and Cook his agent appeal.

*H. Cook,* for Appellants.

1. A writ of assistance will not issue, unless the decree of foreclosure direct the possession to be delivered, or the Court first makes an order to that effect.   (*Montgomery* v. *Tutt,* 11 Cal.)

2. When the decree was made, defendants were not in possession, but appellant Head was, under independent title.   (*Whitney* v. *Higgins,* 10 Cal. 547.)

*Monson & Sunderland,* for Respondent.

1. There being no undertaking on the appeal from the order refusing to quash the writ of assistance, the appeal is of no force in respect to this order.

2. It is not necessary that a foreclosure decree direct delivery of possession, or if there be no such direction, that an order be made subsequently, requiring the occupant to deliver possession. *Montgomery* v. *Tutt* (11 Cal.) does not so decide.   (*Valentine* v. *Feller,* 1 Hop. Ch. 422.)

BALDWIN, J. delivered the opinion of the Court—FIELD, C. J. concurring.

1. In this case it seems from the record that sundry proceedings were taken in the Court below, originating in an order for a writ of assistance, and also in other orders of the Court refusing to set aside and restore the plaintiffs in the motion to the possession, of which they had been deprived by the execution of the first order. The notice of appeal recites that the plaintiffs will appeal from all these orders; but the undertaking only stipulates to answer for the consequences of an appeal from the order granting the writ of assistance.   Of course we can only consider the error, if there be any, arising from or involved in this order.

2. The writ of assistance was granted on the affidavit of Horn, who was the purchaser of certain ditch property under a decree of

foreclosure, the defendants in the motion for the writ (plaintiffs here) entering after suit brought and after notice of the *lis pendens* filed.

It is objected that the proceeding does not show that the parties defendant to the motion were served with notice, and that the decree did not direct the delivery of the possession to the purchaser. The affidavit shows that demand was made for the possession of the premises of Head or his agent, before the application for the writ, and after Horn received the Sheriff's deed. We do not see that the omission of the direction in the decree, that possession be delivered to the purchaser at the foreclosure sale, is at all important. This direction, though usual, is not necessary. The legal effect of the decree is the same as with this direction. The decree ascertains the rights of the parties, and gives to the purchaser a summary right to be put in possession as against the mortgagor, and all others entering in subordination to his right after the commencement of the suit. As remarked by the Chancellor in *Kershaw* v. *Thompson*, (4 Johns. Ch. 609) " when the Court has obtained lawful jurisdiction of a case, and has investigated and decided upon its merits, it is not sufficient for the ends of justice merely to declare his right, without affording a remedy. If it was to be understood that after a decree and sale of mortgaged premises, the mortgagor or other party to the suit, or perhaps those who have been let into possession by the mortgagor *pendente lite*, could withhold the possession in defiance of the authority of this Court, and compel the purchaser to resort to a Court of law, I apprehend that the delay and expense and inconvenience of such a proceeding would greatly impair the value and diminish the results of sales under such a decree." (See *Montgomery* v. *Tutt*, 11 Cal.)

But it is scarcely necessary to go into this matter, for it seems from the record before us that Head moved to vacate and set aside this first order, granting the writ of assistance ; and after a full hearing on that motion, the Court below refused to vacate this order ; the judgment of the Court upon this last motion is still in force, and, as stated before, there is no appeal which we can consider, for want of an undertaking. So long as this last judgment remains in force, and not appealed from, the first order is not the

subject of appeal; since it would be of no service to the appellants to reverse the first order, and leave in force the last order affirming it. Besides, the appellants, having resorted to their summary remedy by motion to set aside the first order, and having tried this motion on the merits, cannot fall back upon the first order, and seek to reverse it by direct appeal in this Court. If this were tolerated, appeals might be multiplied indefinitely, to the great cost and vexation of parties, without any corresponding benefit.

Appeal dismissed.