FRANCIS BORNHEIMER, RESPONDENT, *v.* ELIAS J. BALDWIN *et al.*, APPELLANTS.

PRACTICE—APPEAL NOT WITHIN A YEAR.—If the appeal from a judgment be not taken within a year, it will be dismissed.

IDEM—WANT OF UNDERTAKING ON APPEAL.—If there be an appeal from the judgment on which an undertaking was given, and also an appeal from an order refusing a new trial, upon which no undertaking on appeal is given, the latter will be dismissed, unless the appellant offers to file an undertaking in conformity with the statute.

APPEAL from the District Court of the Fourth District, City and County of San Francisco.

The case is stated in the opinion of the Court.

*Sharp & Lloyd*, for Appellants, cited the following authorities in opposition to the motion to dismiss the appeal:

*Hanscom* v. *Tower* (17 Cal. 518); *Walden* v. *Murdock* (23 Cal. 549); *Louck* v. *Edmonson* (18 Cal. 203); *People* v. *Loucks* (28 Cal. 68); *Foster* v. *Tyler* (7 Paige, Ch. R. 50); *Potter* v. *Baker* (4 Paige, 292.)

*E. A. Lawrence*, for Respondent.

RHODES, J., delivered the opinion of the Court:

The appeal from the judgment was not taken within one year after the rendition of the judgment, and must, therefore, be dismissed.

The respondent also moves to dismiss the appeal from the order refusing a new trial, on the ground that no undertaking on appeal from that order was given. No offer was made by the appellants to file an undertaking on appeal according to the provisions of Section 3 of the Act of 1861. (Stats. 1861, p. 589.) The undertaking recites the appeal from the judgment, but no mention is therein made of the appeal from the order. It does not secure the payment of the damages and costs which may be awarded against the appellants on the appeal from the order, but only on the appeal from the judgment. There is, therefore, no undertaking on the appeal from the order.

Appeal from the judgment, and the order refusing a new trial, dismissed.

SPRAGUE, J., expressed no opinion.