[No. 6,979.—In Bank.]
July 28, 1882.

THE PEOPLE *v.* JOHN CENTER ET AL.

APPEAL—MOTION FOR NEW TRIAL.—After an adverse decision of a motion for a new trial the moving party has no right to file another motion.

ID.—Id.—When a party gives notice of an intention to move for a new trial, and fails to prosecute his motion in the Court below, in consequence of which his motion is dismissed or denied, he can not be heard to complain of the order on appeal.

ID.—ID.—STATEMENT—RECORD.—On appeal from such an order, in the absence from the record of an engrossed statement on motion for a new trial, signed and certified by the Judge, there are no questions of fact to be reviewed.

Id.—RECORD—NOTICE—UNDERTAKING.—An appeal can not be taken from parts of two judgments, and from a special order made after judgment, by one notice of appeal, and on one undertaking on appeal.

ID.—ID—ID.—ID.—TRANSCRIPT.—An appeal was taken by one notice and undertaking from parts of two judgments and an order made subsequent to judgment, and another appeal, by the same parties, and by another notice and undertaking, from an order denying a new trial, and an order striking from the files a notice of intention to move for a new trial subsequently filed; and there was but one transcript for all the appeals.

*Held:* Separate and distinct appeals can not be brought to this Court in that way.

APPEALS from portions of judgments and orders in the Twelfth District Court of the City and County of San Francisco.   DAINGERFIELD, J.

*James B. Townsend,* for Appellants.

" Two," or any other number of appeals, given by law, from

judgments and orders made in the same action, may, when sufficiently described so as to be identified, be "brought to this Court on [by] a single notice and undertaking," and be heard at the same time and upon one and the same transcript. (*Marziou* v. *Pioche*, 8 Cal. 527; *Carpentier* v. *Williamson*, 25 id. 155, 167; *Lower* v. *Knox*, 10 id. 480; *Horn* v. *Volcano W. Co.*, 18 id. 141, 142; *Towdy* v. *Ellis*, 22 id. 651, 653, 658; *Flateau* v. *Lubeck*, 24 id. 364, 366; *Estate of Pacheco*, 29 id. 224; *Peck* v. *Vandenberg*, 30 id. 21; *Hihn* v. *Peck*, id. 285; *Peck* v. *Courtis*, 31 id. 208; *Genella* v. *Relyea*, 32 id. 160; *Gates* v. *Walker*, 35 id. 289; *Day* v. *Callow*, 39 id. 593, 597; *Hill* v. *Finnigan*, 5 P. C. L. J. 122, 125; *McDonald* v. *Mc-Conkey*, 54 id. 143; *Chase* v. *Evoy*, 58 id. 348.)

*Stetson & Houghton*, for Respondent.

Two separate and distinct appeals can not be brought to this Court on a single notice and undertaking. (*Sweet* v. *Mitchell*, 17 Wis. 125; *Noble* v. *Strachan*, 32 id. 317; *White* v. *Appleton*, 14 id. 190; *Skidmore* v. *Davies*, 10 Paige, 316.)

McKEE, J.:

The action in this case was commenced to annul a patent which had been issued on November 11, 1867, by the Governor of the State of California to W. F. Montgomery and three other persons, "their associates and assigns," for eighty-nine thousand and odd acres of "swamp and overflowed lands" in Fresno and Kern counties.

Pending the action, the Legislature of the State passed an Act entitled "An Act to provide for determining the rights of parties in certain swamp and overflowed lands in Fresno and Kern counties," approved March 20, 1878. These lands were those described in the patent which it was sought to have annulled. By the provisions of the Act, any one claiming legal or equitable title to any portion of the lands through the patentees was authorized to appear in the action, at any time within sixty days after the passage of the Act, and assert his claim by way of answer filed in the action; and upon proof that he was a claimant of any portion of the land from any of the patentees, and had expended upon it, in payment of taxes and improvements, "or otherwise," to the amount of

one dollar per acre, it was made the duty of the Court in which the action was pending, after annulling the patent, to enter a judgment in his favor, which, when entered, entitled him to a patent from the State for the land described in the judgment.

Under this Act, and within sixty days after its passage, between sixty and seventy persons appeared in the action and filed answers, asserting claims to specific portions of the lands involved in the action.  Among them C. C. Webb, who is the respondent, and Green and Jackson, who are appellants, filed answers in which they respectively claimed to have purchased from the patentees that portion of the lands described in the patent as section 7, in township 31 south, range 28 east, Mount Diablo Meridian, and had expended for taxes, improvements, etc., upon it, more than one dollar per acre.

Between these claimants a contest arose, which, after the patent had been annulled by the Court, was tried by the Court without a jury, and resulted in a special decision and judgment in favor of Webb against Green and Jackson.  The special finding of facts and conclusions of law were made August 28, 1878, and filed October 11, 1878, and judgment thereon was given November 5, and entered November 9, 1878.  A general finding of facts and conclusions of law in favor of the sixty odd persons who had filed answers claiming specific portions of the lands under the Act of the Legislature, were also made and filed September 17, 1878, and a general judgment containing separate judgments in favor of each of them, was filed September 17, 1878, and entered November 8, 1878.

On November 7, 1879, Green and Jackson appealed from portions of the general judgment entered November 8, 1878, and from portions of the special judgment entered November 9, 1878 ; and also from the order made and entered on October 3, 1879, denying a motion which they had made to set aside an order which had been made and entered on the fifth of November, 1878, for the issuance of an execution upon the special judgment, under which Webb had been put in possession of the land described in the judgment.  These appeals were taken by one notice and on one undertaking; and on December 27, 1879, they also appealed from an order

made and entered October 31, 1879, denying a motion for a new trial in the contest, and also from an order made and entered November 15, 1879, striking from the files a notice of intention to move for a new trial which had been filed after the motion for a new trial had been decided; and these last appeals were taken by one notice and on one undertaking. So that four appeals have been taken by two notices of appeal and on two undertakings on appeal.

I. The appellants had no right, after an adverse decision by the Court of their motion for a new trial, to file another notice of intention to move for a new trial. If they were aggrieved by the order of the Court in denying their motion, their remedy was to appeal from the order. (*Thompson* v. *Lynch*, 43 Cal. 482; *Coombs* v. *Hibberd*, id. 453; § § 182, 183, C. C. P.), not to serve and file a new notice of intention. Such a notice was, therefore, improperly filed, and there was no error in striking it from the files.

II. The order denying the motion for a new trial appears to have been made upon the ground that the moving parties had not served their proposed statement within statutory time, and that after it had been served and settled they neglected, for nine months, to have it engrossed and filed. The motion was, therefore, denied for want of prosecution. When a party gives notice of his intention to move for a new trial, and fails to prosecute his motion in the Court below, in consequence of which his motion is dismissed or denied, he can not be heard to complain of the order on appeal (*Mahoney* v. *Wilson*, 15 Cal. 42); on an appeal from such an order, in the absence from the record of an engrossed statement on motion for a new trial, signed and certified by the Judge of the Court, there are no questions of fact to be reviewed.

III. An appeal can not be taken from parts of two judgments, and from a special order made after judgment, by one notice of appeal and on one undertaking on appeal.

Every judgment and order subsequent to judgment entered against a party is the subject of a distinct and separate appeal, and must be appealed from as an entirety. No separate appeal lies from parts of two judgments; each should be appealed from by a notice and an undertaking of its own (C. C. P., § 936; *Sweet* v. *Mitchell*, 17 Wisc. 129; *Skidmore* v. *Davies*,

10 Paige, 316); and while one notice is sufficient for taking an appeal from a judgment and an order subsequent to judgment, yet each should be reviewed on a complete record of its own, to be made up and filed according to Section 950, *supra*, if the appeal be from a judgment, or according to Section 956, C. C. P., if from an order subsequent to the judgment. The judgment roll on appeal from an order subsequent to judgment is entirely different from the judgment roll of an appeal from the judgment. (*Bodley* v. *Ferguson*, 25 Cal. 584; *Wetherbee* v. *Carroll*, 33 id. 554; C. C. P., § 951.) And if the undertaking and transcript belonging to each are not filed in due time, the respondent is entitled to a dismissal of the appeal.

IV. On these four appeals there is but one transcript; and the transcript as made up illustrates the confusion which must result if such a mode of procedure is tolerated. ·Mutilated judgment rolls, motions, orders made before and after judgments, notices and affidavits of attorneys are inextricably mingled, until it is almost impossible to ascertain upon what the Court below acted. Separate and distinct appeals can not be brought to this Court in that way.

·Therefore the appeal taken from the order of the fifteenth of November, 1879, that taken from the order of October 31, 1879, that taken from the order of November 5, 1878, also the appeals taken from·portions of the judgment entered November 8, 1878, and from portions of the judgment entered November 9, 1878, are each of them dismissed. Ordered accordingly.

We concur: SHARPSTEIN, McKINSTRY, MYRICK, JJ.

I concur in the order of dismissal: MORRISON, C. J.

I concur with Morrison, C. J.: THORNTON, J.