[No. 9984. In Bank. — December 31, 1885.]

SARAH ALTHEA SHARON, RESPONDENT, *v.* WILLIAM SHARON, APPELLANT.

APPEAL — NOTICE MAY EMBRACE SEVERAL APPEALS — ACTION TO ESTABLISH MARRIAGE — DIVORCE — JUDGMENT — ALIMONY AND COUNSEL FEES. — In an action brought to establish a disputed marriage and for a divorce, a notice of appeal by the defendant from an order directing him to pay to the plaintiff alimony and counsel fees is not rendered ineffectual because a notice of appeal from the judgment is embraced in the same paper, nor because the appellant, as a measure of precaution, has inserted in the notice a statement that on the appeal from the judgment he would ask the court to review and set aside the order for alimony and counsel fees. Such a statement is surplusage which does no injury.

ID. — SEVERAL APPEALS — TRANSCRIPT — UNDERTAKINGS ON APPEAL — JOIN-
DER IN ONE INSTRUMENT. — Where there are several appeals in the same
action, the record on each appeal may be embodied in one transcript,
but each appeal must be accompanied by an undertaking in the sum
of three hundred dollars, designating the particular appeal to which
it applies. The undertakings may be contained in one instrument, if
the objects for which they are executed can be clearly distinguished.

ID. — APPEAL FROM JUDGMENT AND ORDER REFUSING NEW TRIAL — ONLY
ONE UNDERTAKING NECESSARY. — The only exception to the rule requir-
ing an undertaking on each appeal is limited to cases where in the same
notice and transcript there is an appeal from a judgment, and also from
an order denying a new trial. In such cases, one undertaking on appeal
is held sufficient, in consequence of the long and well settled practice,
which the court declines to disturb.

APPEAL from a judgment of the Superior Court of the
city and county of San Francisco, and from an order
awarding alimony and counsel fees.

Motion to dismiss appeal from the order granting ali-
mony and counsel fees. The action was brought to
establish a disputed marriage and for a divorce. The
further facts are stated in the opinion of the court. The
report of the case on a former motion to dismiss is con-
tained in 67 Cal. 185.

*W. H. L. Barnes, Oliver P. Evans, Stewart & Herrin,* and
*F. G. Newlands,* for Appellant.

Several appeals may be embodied in the same tran-
script. (Hayne on New Trial and Appeal, sec. 266;
*McDonald* v. *McConkey,* 57 Cal. 325; *Hill* v. *Finnegan,* 54
Cal. 311.) Several appeals may be taken by one notice,
if the several subjects of appeal be distinctly stated.
(*Chase* v. *Evoy,* 58 Cal. 348.) Each appeal should be
accompanied by an undertaking of its own, but such
undertakings may be contained in the same instrument.
(*Horn* v. *Volcano Water Company,* 18 Cal. 141; *Bornheimer*
v. *Baldwin,* 38 Cal. 671; Hayne on New Trial and Appeal,
sec. 211.)

*Tyler & Tyler, David S. Terry, Flournoy, Mhoon &
Flournoy,* and *Walter H. Levy,* for Respondent.

Thornton, J.—This is the second motion to dismiss the appeal in this case from the order granting alimony and counsel fees.

The motion is made on the following grounds:—

" 1. That no notice of appeal from the order mentioned has been filed, as required by section 940 of the Code of Civil Procedure.

" 2. That no undertaking on appeal has been filed, as required by the same section.

" 3. That no transcript on appeal has been filed, as required by rule 2 of this court."

The notice of appeal is printed in the record, and is as follows:—

" You will please take notice that the defendant in the above-entitled action hereby appeals to the Supreme Court of the state of California from the judgment declaring a marriage to exist between the said plaintiff, Sarah Althea Sharon, and the said defendant, William Sharon, and awarding certain relief, therein entered in the said Superior Court on the nineteenth day of February, A. D. 1885, in favor of the plaintiff in said action, and against the said defendant, and from every part thereof.

" And you will also take notice that the said defendant hereby appeals to the said Supreme Court from the order directing the payment of the sum of fifty-five thousand dollars counsel fees, and the sum of twenty-five hundred dollars per month to the plaintiff as alimony from the eighth day of January, 1885, and directing execution to be issued therefor pursuant to section 1007 of the Code of Civil Procedure of the state of California, unless the sum of sixty-two thousand five hundred dollars ($62,500) be paid on or before the ninth day of March, 1885, and from every part thereof.

" And that on the appeal from the judgment herein declaring a marriage to exist between the said plaintiff and said defendant, and awarding other relief, the said

Supreme Court will be asked to review and set aside the order for the payment of money above referred to, made and entered herein on the sixteenth day of February, A. D. 1885, and every part thereof."

The second paragraph of this notice refers to the rule directing the payment of alimony and counsel fees above mentioned. This notice of appeal is amply sufficient, and is in compliance with section 940, Code of Civil Procedure. It is no less sufficient because notice of appeal from a judgment between the same parties and in the same case is embraced in the same paper, nor because the defendant as a measure of precaution has inserted in the notice the last paragraph, referring to the order directing the payment above mentioned. This paragraph is surplusage, which does no injury. *Utile per inutile non vitiatur.* (Broom's Legal Maxims, p. 603.)

The undertaking on appeal from the order above mentioned is also in the record which comes to this court. The following is a copy of it:—

" Whereas, William Sharon, the defendant in the above-entitled action, is about to appeal to the Supreme Court of the state of California from the judgment made and entered against him in said action, in the said Superior Court, on February 19, A. D. 1885, in favor of Sarah Althea Sharon, plaintiff in said action, declaring a marriage to exist between said plaintiff and defendant, and awarding her other relief, and for costs of the action,—

" Now, therefore, in consideration of the premises, and of said appeal from said judgment, we, the undersigned, Lloyd Tevis, of the city and county of San Francisco, state of California, and E. J. Baldwin, of the same place, do hereby jointly and severally undertake and promise on the part of the appellant that the said appellant will pay all damages and costs which may be awarded against him on the said appeal, or on a dismissal thereof, not exceeding three hundred dollars ($300), for which amount we acknowledge ourselves jointly and severally bound.

"And whereas, the appellant is desirous of staying the execution of said judgment for costs, we, the undersigned sureties, do further, in consideration thereof and of the premises, jointly and severally undertake and promise, and do acknowledge ourselves further jointly and severally bound in the further sum of three thousand dollars ($3,000), being more than double the amount of money or costs awarded to said plaintiff by said judgment, and that if the said judgment appealed from, or any part thereof, be affirmed, or the appeal be dismissed, the appellant will pay the amount directed to be paid by such judgment or the part of such amount as to which said judgment is affirmed, if affirmed only in part, and all costs which may be awarded against the appellant upon said appeal.

"And that if the appellant does not make such payment within thirty (30) days after the filing of the *remittitur* from the Supreme Court in the court from which said appeal is taken, judgment may be entered in said action on motion of the respondent, in her favor, against the undersigned sureties for such amount, together with the interest that may be due thereon, and the damages and costs which may be awarded against the appellant on said appeal.

"And whereas, the said defendant is about to appeal to the said Supreme Court of the state of California, from the order or judgment made and entered by said Superior Court in said action on February 16, A. D. 1885, against the defendant, requiring him to pay to plaintiff or her order on or before March 9, A. D. 1885, the sum of seven thousand five hundred dollars ($7,500) as alimony, and the further sum of twenty-five hundred dollars ($2,500) on or before April 8, A. D. 1885, and two thousand five hundred dollars ($2,500) on or before the 8th day of each and every month thereafter, as alimony in said action, and further requiring the defendant to pay as counsel fees in said action on or before March 9, A. D. 1885, the

sum of fifty-five thousand dollars ($55,000) apportioned among and payable to the several counsel of plaintiff as in said order or judgment is designated, and further directing execution to issue pursuant to section 1007 of the Code of Civil Procedure of the state of California, in default of the payment of said sums or any of them as in said order specified,—

"Now, therefore, in consideration of the premises, and of said appeal from said order or judgment, we, the undersigned, Lloyd Tevis, of the city and county of San Francisco, state of California, and E. J. Baldwin, of the same place, do hereby jointly and severally undertake and promise, on the part of the appellant, that the said appellant will pay all damages and costs which may be awarded against him on the said appeal, or on a dismissal thereof, not exceeding three hundred dollars ($300), for which amount we acknowledge ourselves jointly and severally bound.

"And whereas, the appellant is desirous of staying the execution of the said order or judgment directing the payment by him of alimony and counsel fees as aforesaid, and every part thereof, we, the undersigned sureties, do further, in consideration thereof and of the premises, jointly and severally undertake and promise, and do acknowledge ourselves further jointly and severally bound in the sum of three hundred and five thousand dollars ($305,000), being double the amount named in said order or judgment, and directed to be paid on or before March 9, A. D. 1885, and also double the amount of all alimony awarded to the plaintiff and directed to be paid to her for the full period of three years from the said 9th day of March, A. D. 1885, and that if the said order or judgment for alimony and counsel fees appealed from or any part thereof be affirmed, or the appeal be dismissed, the appellant will pay to the plaintiff, and to the persons named in said order or judgment, and each of them, the several amounts directed to be paid by said

order or judgment, or the part of such several amounts, as to which the same shall be affirmed, if affirmed only in part, and all damages and costs which may be awarded against the appellant upon the appeal.

"And that if the appellant does not make such payment within thirty (30) days after the filing of the *remittitur* from the Supreme Court, in the court from which the appeal is taken, judgment may be entered in said action on motion of the respondent, or the person or persons entitled to said judgment in her, his, or their favor against the undersigned sureties, for the whole amount which may then be due, pursuant to the terms of said order, together with the interest that may be due thereon, and the damages and costs which may be awarded against the appellant upon the appeal.

"Witness our hands and seals this twenty-sixth day of February, 1885.          "LLOYD TEVIS.     [SEAL.]
"E. J. BALDWIN."     [SEAL.]

It is manifest that this paper contains four undertakings; two of them are those usually styled undertakings on appeal, and the remaining two are the undertakings given to stay execution. All these undertakings are executed by the sureties for the appellant. We see no reason why any number of undertakings should not be contained in the same instrument. In the document under consideration, the undertakings and the objects for which they are executed can be clearly distinguished. It is the common practice in this state, and has been from an early period in our jurisprudence, to embrace several undertakings in one instrument. This is well known to both bench and bar. Judge Hayne, who seems to have examined this whole subject with great care, remarks, in his book on New Trial and Appeal, that "there can be no doubt but that several undertakings can be in the same instrument." (Hayne's New Trial and Appeal, sec. 211, p. 645.)

Where there are several appeals in the same transcript,

there should no doubt be an undertaking on appeal for each one of the appeals, and each appeal should be recited in the undertaking. So held in *Horn* v. *Volcano Water Company*, 18 Cal. 142, and *Bornheimer* v. *Baldwin*, 38 Cal. 671. The only exception to the rule, that on each appeal there should be a three-hundred-dollar undertaking, is where there is in the same notice and transcript an appeal from a judgment with an appeal from an order denying a new trial. In such case, one undertaking on appeal was held sufficient in *Chester* v. *Bakersfield Town Hall Association*, 64 Cal. 42. This was so held in consequence of the long and well settled practice, which this court very properly declined to disturb.

It is contended that the foregoing is inconsistent with what is held in *People* v. *Center*, 61 Cal. 191. We cannot concur in this contention. In this case, which was an action to annul a patent, C. C. Webb and Green and Jackson were parties, and a contest arose between Webb on the one hand and Green and Jackson on the other. This contest was tried by the court without a jury, and resulted in a special decision and judgment in favor of Webb against the other parties just named (Green and Jackson). The court, stating the case, says:—

"The special finding of facts and conclusions of law were made August 28, 1878, and filed October 11, 1878, and judgment thereon was given November 5 and entered November 9, 1878. A general finding of facts and conclusions of law in favor of the sixty odd persons who had filed answers claiming specific portions of the lands under the act of the legislature were also made and filed September 17, 1878, and a general judgment containing separate judgments in favor of each of them was filed September 17, 1878, and entered November 8, 1878.

"On November 17, 1879, Green and Jackson appealed from portions of the general judgment entered November 8, 1878, and from portions of the special judgment

o

entered November 9, 1878; and also from the order
made and entered on October 3, 1879, denying a motion
which they had made to set aside an order which had
been made and entered on the 5th of November, 1878,
for the issuance of an execution upon the special judg-
ment, under which Webb had been put in possession of
the land described in the judgment. These appeals were
taken by one notice and on one undertaking; and on
December 27, 1879, they also appealed from an order
made and entered October 31, 1879, denying a motion
for a new trial in the contest, and also from an order
made and entered November 15, 1879, striking from the
files a notice of intention to move for a new trial which
had been filed after the motion for a new trial had been
decided, and these last appeals were taken by one notice
and one undertaking, so that four appeals have been
taken by two notices of appeal and on two undertakings
on appeal."

As to this the court said: "An appeal cannot be taken
from parts of two judgments, and from a special order
made after final judgment by one notice of appeal and
on one undertaking on appeal."

The report of the case does not set forth either the
notice of or undertaking on appeal. But these papers
are found in the record in this court.

The undertaking on appeal in the first set of appeals
mentioned above, after reciting the taking by the appel-
lant of the three several appeals, concludes with the
promises of the undertakers as follows:—

"Now, therefore, in consideration of the premises and
of *such appeal*, we, the undersigned, do hereby jointly
and severally undertake and promise on the part of the
said appellants that the said appellants will pay all dam-
ages and costs which may be awarded against them, or
either of them, *on said appeal*, or on a dismissal thereof,
not exceeding three hundred dollars, to which amount
we acknowledge ourselves jointly and severally bound."

Then follow date and signatures.

The undertaking on appeal in the second set of appeals above mentioned, after reciting the taking by appellants of such appeals, the promise of the undertakers is stated in these words:—

"Now, therefore, in consideration of the premises and of such appeal, we, the undersigned, do hereby jointly and severally undertake and promise on the part of the appellants that the said appellants will pay all damages and costs which may be awarded against them on the appeals, or on a dismissal thereof, not exceeding three hundred dollars, to which amount we acknowledge ourselves jointly and severally bound." The date and signatures of the undertakers then following.

It will be observed that in the promissory part of the first undertaking mentioned reference is made to only one appeal. "Such appeal" and "said appeal" are the expressions used to signify the intent of the signers. Three hundred dollars, the amount of one undertaking, is the only amount mentioned in the papers. The signatories make themselves responsible for this sum only, and no more.

This is certainly but one undertaking on three appeals, which is not admissible, that is to say, where there is more than one appeal, as shown above in this opinion, except in the single case of an appeal from a judgment and an order denying a motion for a new trial. This was allowed by the court because of the long-continued and well-established practice of giving but one undertaking in such a case.

The second undertaking above mentioned differs a little from the first. The forms of expression used are "such appeal" and "on the appeals," thus leaving it doubtful whether the signers of the undertaking refer to one or two appeals. But the amount for which the parties bind themselves is only the amount of one undertaking, viz., three hundred dollars and no more. This, then, is but one undertaking on two appeals, and is in-

sufficient for the reasons given as to the undertaking first noticed.

The above sufficiently shows the correctness of the action of the court in dismissing the appeals in *People* v. *Center*, and is in accordance with the sentence above quoted from the opinion.

As to the notice of the appeals, if such notice is in one and the same paper in which the several appeals are distinctly designated, we cannot see that such notice is insufficient. Nor do we think that the majority of the court intended so to hold in *People* v. *Center*, inasmuch as such holding would be in conflict with the settled practice, and the ruling of this court in all cases in which it has been called on to express any opinion.

Some expressions are used in the opinion of the court which appear ambiguous, but there is nothing which indicates that a notice of more than one appeal may not be in one and the same paper, where the matters appealed from are so designated that it can be seen from what the appeal is taken.

The statute as to notice of appeal in this state has been substantially the same ever since the enactment of the practice act of 1851. In *Lower* v. *Knox*, 10 Cal. 480, two appeals were taken by one paper, viz., one from the judgment and the other from an order denying a motion for a new trial. The latter appeal was dismissed because taken too late. The court passed on the appeal from the judgment and affirmed it.

In *Horn* v. *Volcano W. Co.*, 18 Cal. 143, there were appeals from two or more orders. The court says in the opinion: "*The notice of appeal* recites that the plaintiff will appeal from all these orders." We infer from the form of expression, "the notice of appeal," adopted by the court, that these appeals were noticed in one paper. The appeals were dismissed, but not on the ground that they were noticed in the same paper.

In *Carpentier* v. *Williamson*, 25 Cal. 168, the court

said: "An appeal from the judgment may be taken without waiting for the determination of the motion for a new trial, or the two appeals may be, and usually are, prosecuted together."

In *Estate of Pacheco*, 29 Cal. 224, the court held a a notice of appeal from an order of the Probate Court made September 3, 1864, denying the petition of Penniman and others for the removal of Emeric and refusing to appoint Penniman, and from all orders and decisions made by the court in that behalf on that day, sufficient. It appears that there were two orders appealed from.

In *Peck* v. *Vandenberg*, 30 Cal. 21, there were appeals from the interlocutory judgment and the final judgment, and from an order denying a new trial in an action for partition. The court held the former not appealable (this was before the statute allowing it), but dismissed the appeal from the order denying the new trial because not taken in time, and considered the appeal from the final judgment and passed on the point raised on it.

The court says: "The appeal is from both judgments, and from the order overruling Vandenberg's motion for a new trial."

In *Hihn* v. *Peck*, 30 Cal. 287, there was an appeal from the judgment and the order denying a new trial. The latter was dismissed because not taken in time; the former was considered.

In *Peck* v. *Courtis*, 31 Cal. 208, there were four appeals. All were dismissed. The first was dismissed because from an order which was non-appealable; the second because not taken in time; the third because not appealable: the fourth as not taken in time.

In *Genella* v. *Relyea*, 32 Cal. 159, there was an appeal from the judgment, and from all orders of the District Court made and entered in the action jointly and severally either before or after the judgment. As to the latter, the notice was held insufficient. The former was dismissed as not taken in time.

LXVIII. CAL.—22

In *Flateau* v. *Lubeck*, 24 Cal. 366, there were two appeals noticed in one paper. The notice was objected to as insufficient, because it did not sufficiently show that the judgment and order mentioned in the notice were the same as those appealed from. The court held the contrary. No point was made that the notice was insufficient because it recited two appeals in one instrument.

In the cases above cited we have but little doubt that in most of them the notice of the appeals in the cause was contained in one instrument.

The court in its comments on the sentence from the opinion in *People* v. *Center*, above quoted, says:—

"Every judgment and order subsequent to judgment entered against a party is the subject of a distinct and separate appeal, and must be appealed from as an entirety. No separate appeal lies from parts of two judgments; each should be appealed from by a notice and an undertaking of its own (Code Civ. Proc., sec. 936; *Sweet* v. *Mitchell*, 17 Wis. 129; *Skidmore* v. *Davies*, 10 Paige, 316); and while one notice is sufficient for taking an appeal from a judgment and an order subsequent to judgment, yet each should be reviewed on a complete record of its own, to be made up and filed according to section 950, Code of Civil Procedure, if the appeal be from a judgment, or according to section 956, *supra*, if from an order subsequent to the judgment. The judgment roll on appeal from an order subsequent to judgment is entirely different from the judgment roll of an appeal from the judgment. (*Bodley* v. *Ferguson*, 25 Cal. 584; *Wetherbee* v. *Carroll*, 33 Cal. 554; Code Civ. Proc., sec. 951.) And if the undertaking and transcript belonging to each are not filed in due time, the respondent is entitled to a dismissal of the appeal."

The proposition announced in the first sentence of the foregoing paragraph is not exactly correct, as there can be an appeal from parts of a judgment or order. (Code

Civ. Proc., sec. 940.) The second sentence in the paragraph is correct. When it is said that no separate appeal lies from parts of two judgments, the meaning, we suppose, is that there cannot be one appeal from parts of two judgments. . Certainly there must be an appeal from each judgment, or a specific part of it.

We cannot construe this to mean that the notice of the two appeals may not be in one and the same instrument. The notice of appeal was so drawn in *Horn* v. *Volcano Water Co.*, 18 Cal. 143, and no objection was taken to it on that ground.

There certainly should be a notice and undertaking on appeal on each appeal, but this is not saying that they cannot be given in the same instrument of writing.

The court then proceeds to discuss the matter of the record, and remarks that "while one notice is sufficient for taking an appeal from a judgment and order subsequent to judgment, yet each should be reviewed on a complete record of its own, to be made up and filed according to section 950, *supra*, if the appeal be from a judgment, or according to section 956, Code of Civil Procedure, if from an order subsequent to the judgment."

But it is not said, nor is it intended, that the record of each appeal may not be in one transcript. If it is intended to say that there must be one transcript for each, it is contrary to the practice of the court from the earliest existence of a Supreme Court in this state to the present time. Since the decision in *People* v. *Center*, the case of *Emeric* v. *Alvarado*, 64 Cal. 529, has been before this court and decided, in which there were five appeals, and there was but one transcript. A motion was made to dismiss appeals in that case, but not on the ground that there was not a transcript for each appeal

It is said further by the court that "if the undertaking and transcript belonging to each are [each] not filed in due time, the respondent is entitled to a dismissal." But according to the practice of this court from the begin-

ning, an undertaking belonging to each appeal was filed in time, though there were several appeals, and the undertaking for each was in one paper. The same may be said of the transcript. The transcript of each appeal is filed in time, though one transcript contains the record of several appeals. The transcript must, however, comply with the rules of this court.

What is said in paragraph 4 of the opinion in *People* v. *Center* pertains to one of the printed rules (No. 6) of this court. We say that it is a decision under the rule, for the reason that we know of no authority to dismiss an appeal for confusion in the transcript, when there can be found in such transcript all that the statute requires, except this rule.

A practice continued for many years in the highest court of the state, passed without observation impugning its correctness, is very strong and cogent, if not conclusive, evidence that such practice is in accordance with law. It should not be considered as overruled by expressions in an opinion which can be readily reconciled with it, especially when the court does not expressly refer to the former practice and announce a change.

For the reasons above given, we cannot construe *People* v. *Center* as holding there must be in any case a separate transcript for each appeal taken.

In the case before us, there is a notice of appeal for each appeal. There is but one transcript, but the record upon which each appeal shall be heard is as clearly distinct as if set forth in separate transcripts for each.

We cannot think that the court intended by its judgment in *People* v. *Center* to introduce a new rule of practice as to the notice of appeal, undertakings, and transcript. The transcript in that case was peculiarly *sui generis*, from the confusion apparent on the face of it, and the remarks of the court concerning the transcript apply to such a case. We are more convinced that the court did not intend to introduce any new rule as to the

notice of appeal from one of the cases cited in the paragraph last quoted, following the words, "each should be appealed from by a notice and undertaking of its own." We refer to the case of *Skidmore* v. *Davies*, 10 Paige, 316. The court, in the case cited, says: "When several distinct decisions and orders have been made by the court below in the same suit and between the same parties, it is sometimes permitted to the party who considers himself aggrieved by such decisions to contain them all in the same notice of appeal. But when the proceeding is in the nature of a separate and distinct appeal from each order, as in this case, the appellant must either execute a separate appeal bond upon the appeal from each order, or he must give one bond on the appeal, with a penalty sufficiently large to cover the appeals from both orders, and with a condition to embrace the damages and costs of both," citing *Tyler* v. *Summers*, 6 Paige, 127. The above language justifies the practice in this state, both as to notice of appeal and undertaking. The appeal was dismissed in this case because there were two orders appealed from, and but one bond, for one hundred dollars, was given. Such a bond was required on each appeal, and not being given, the appeal was dismissed. So in *Bornheimer* v. *Baldwin*, and *Horn* v. *Volcano Water Company*, *supra*. The notice of appeal referred to two subjects of appeal, and only one undertaking was given, referring to *one appeal*.

All the appeals were dismissed, but only one of them, the one not referred to in the undertaking, was dismissed for lack of such undertaking.

In the other case cited from Wisconsin, the ruling turned on the peculiar statute of that state as to a return to each order appealed from. The statute of Wisconsin requires a separate return to each order. This appears from the opinion. The court in Wisconsin is of course well acquainted with their practice, but we cannot perceive from what is said in the case why the record in each

appeal may not be printed in one transcript. If more than one transcript is required from appeals made from the judgment and other orders in a case, it seems to us that it must constitute an exception among the appellate tribunals of the several states, where the reformed procedure has been adopted.

The only point made by respondents' counsel on the motion to dismiss the appeals was that two separate and distinct appeals cannot be brought to this court on a single notice and undertaking, and on a single transcript. It will be observed, notice, undertaking, and a single transcript are connected by the copulative conjunction. If either one was defective, the point was well taken.

Now, when the court made the remark embraced in the sentence commencing with the words "an appeal cannot be taken from parts of two judgments," etc., it had really decided that the appeals must be dismissed, and on grounds sustained by the uniform ruling of this court. There were five appeals (not four as stated in the opinion), one from the final judgment of November 8, 1878, another from portions of the special judgment entered November 9, 1879, still another from an order made October 3, 1879. There was a fourth appeal from an order entered October 31, 1879, denying a motion for a new trial, and still another from an order made and entered November 15, 1879, striking from the files a notice of intention to move for a new trial. In these appeals one undertaking for three hundred dollars had been filed on the three appeals, and one undertaking for a like sum on last appeals mentioned. The undertakings, as we have seen, were ambiguous in their reference to the appeals, and the appeals were dismissed for want of a proper undertaking on appeal. It was unnecessary to say anything in regard to the transcript.

We will add here that there are rarely two transcripts brought up to this court in any one cause. We recollect of none, unless where there are cross-appeals. We would

be setting form above substance were we to hold that the notice and undertakings on appeal in this case are not sufficient. The rule of law is imperative in requiring that form shall yield to substance.

The order denying the motion to dismiss the appeals in this cause heretofore made will stand unchanged. So ordered.

MORRISON, C. J., SHARPSTEIN, J., McKINSTRY, J., and MYRICK, J., concurred.

ROSS, J., concurring. — I concur in the judgment and in the opinion of Mr. Justice Thornton, except in so far as it approves what is said in the case of *People* v. *Center*, 61 Cal. 191. I was unable to agree with the court in that case.

McKEE, J., dissenting. — I adhere to the views expressed in the opinion which I came to on the former hearing in this case (67 Cal. 199), and for the reasons therein set forth, I think that the appeals taken from the decretal order awarding alimony and from the final judgment of divorce were improperly taken, and should be dismissed.